UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TRAYLOR,

        Petitioner,

                                                                 CASE NO. 05-CV-74923-DT
v.                                                       HONORABLE PAUL D. BORMAN

BARRY DAVIS,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

       Petitioner John Traylor, a state prisoner presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of assault with intent to commit murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2000.  He was sentenced to 7 ½ to 15 years imprisonment on the assault conviction, a concurrent term of one to five years imprisonment on the concealed weapon conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.  In his pleadings, Petitioner raises claims of prosecutorial misconduct.  For the reasons stated below, the Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

1

## II.     Facts and Procedural History

Petitioner's convictions arise from an incident in which he shot at Cedric Smith, a man who was dating Petitioner's former girlfriend LaQuita Smith, outside of Ms. Smith's home in Detroit, Michigan on July 21, 2001.  At trial, Cedric Smith testified that he was sitting in his parked car in front of Ms. Smith's home when Petitioner approached his car and told him to "tell your girlfriend I'm not the one to be fucked with."  Ms. Smith exited her home, entered the car, and threw some keys out of the car window onto the street.  An argument ensued.  Petitioner pointed a .38 caliber weapon at Cedric Smith and pulled Ms. Smith out of the car.  Cedric Smith began to drive away, when Petitioner fired a shot which penetrated the car window, but did not hit him.  Cedric Smith heard a second shot and saw Petitioner weaving through traffic behind him.  He then drove into the driveway of a Detroit Police precinct, reported the incident to police officers, and pointed out Petitioner's car as he drove past the precinct.  LaQuita Smith corroborated Cedric Smith's testimony and said that Petitioner had threatened to kill her and Cedric Smith.

Detroit police officers testified that Cedric Smith told them about the incident and pointed out Petitioner as he drove past the precinct.  The officers noticed that a bullet had been fired through the windshield of Cedric Smith's car.  The officers then followed Petitioner's car and saw him through a handgun out of the window onto the street.  The police recovered the gun and determined that there was one spent casing and four live rounds in the cylinder.  Police testing also established that the gun fired during the incident was Petitioner's gun.  In a statement made to police, Petitioner admitted arguing with Cedric Smith and throwing a gun from his car window, but denied shooting at Cedric Smith.

Petitioner testified in his own defense at trial.  He said that he went to LaQuita Smith's

home to retrieve keys from her and saw Cedric Smith sitting in a car in front of the house. When Ms. Smith came outside, he asked her for the keys, but she threw them over the top of his car. When he exited his car to get the keys, Ms. Smith attacked him. As they were struggling and as Cedric Smith was driving away, the gun fired accidentally. Petitioner returned to his car and drove away. When he saw that a police car was following him, he got scared and threw the gun out of the car window.

At the close of trial, the jury convicted Petitioner of assault with intent to murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony.

The trial court subsequently sentenced Petitioner to 7 ½ to 15 years imprisonment on the assault conviction, a concurrent term of one to five years imprisonment on the concealed weapon conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same prosecutorial misconduct claims contained in the current petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Traylor*, No. 245496, 2004 WL 1335945 (Mich. Ct. App. June 15, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Traylor*, 471 Mich. 950, 690 N.W.2d 117 (2004).

Petitioner thereafter filed the present habeas petition asserting the following claim:

> The prosecutor engaged in misconduct warranting reversal when his rebuttal argument, which failed to rebut anything the defense said in its closing argument, was based on facts not in evidence and when it invited the jury to draw unsupportable inferences from the fact that were in evidence.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**III.   Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must

4

have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

Petitioner asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by failing to rebut anything the prosecutor said, by arguing facts not in evidence, and by inviting the jury to draw unsupportable inferences from the evidence. Respondent contends that these claims lack merit.

It is well-settled that prosecutors must "refrain from improper methods calculated to

produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The reviewing court's focus is on "the fairness of the trial, not the culpability of the prosecutor." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett*, 117 F.3d at 964 (citations omitted).

The Michigan Court of Appeals denied relief on Petitioner's prosecutorial misconduct claims, stating:

> Claims of prosecutorial misconduct are decided on a case-by-case basis. This Court examines the record and evaluates the alleged improper remarks in context to determine whether the defendant was denied a fair and impartial trial. *People v Paquette*, 214 Mich App 336, 342; 543 NW2d 342 (1995).

6

> Defendant first contends that the prosecutor's rebuttal argument was not restricted to issues raised in defense counsel's closing argument as required by MCR 6.414(E). We disagree. A review of the record shows that defense counsel remarked on defendant's fear for his safety, implied that defendant did not follow the victim because he did not know where he was, and argued that defendant did not flee from the police but properly stopped in response to their signal. The prosecutor's rebuttal argument addressed these issues. He argued that if defendant had really been in fear for his safety, he would have called the police or at least stopped at the station to report the incident. Instead, defendant followed the victim and when the victim stopped to talk to the police, defendant threw away his gun and kept on going, which conduct was inconsistent with a claim of fear for one's safety. Such argument was proper rebuttal.
>
> Defendant also contends that the prosecutor drew improper inferences from the evidence by arguing that it would have been reasonable for defendant to contact the police if he had been in fear for his safety. We disagree. The prosecutor did not argue that one could infer from the evidence that defendant would have contacted the police had he been in fear for his safety. Rather, he argued that defendant's claim that he was in fear for his safety was implausible in part because he did not contact the police as a reasonable person might have done. The prosecutor may comment on the testimony in a case and argue from the facts that the defendant or another witness is not worthy of belief or is lying. *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997); *People v Gilbert*, 183 Mich App 741, 745-746; 455 NW2d 731 (1990).
>
> Finally, defendant contends that the prosecutor improperly injected questions broader than defendant's guilt or innocence into the case by asking the jurors what they would do in defendant's place. We disagree. When determining the facts and assessing witness credibility, the jurors are permitted to utilize their own common sense, general knowledge, and everyday experience and consider the reasonableness of the witness' testimony. *People v Schmidt*, 196 Mich App 104, 108; 492 NW2d 509 (1992); CJI2d 3.5(5); CJI2d 3.6(2), (3)(h). The prosecutor did not merely ask the jurors what they would do if attacked and in fear for their safety but asked the question and then answered it for them, arguing that it would be reasonable to call the police. This was but part of the prosecutor's overall argument that defendant's conduct was not consistent with his testimony that he was in fear for his safety and thus his explanation for his actions was not plausible.

*Traylor*, 2004 WL 1335945 at *1.

This decision by the Michigan Court of Appeals is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecutor's comments during rebuttal were a permissible attack on the defense theory of the case and

7

defense counsel's arguments, as well as Petitioner's credibility as a witness.  A prosecutor may argue from the facts that a witness, including a testifying defendant, is not worthy of belief. *See, e.g, Portuondo v. Agard*, 529 U.S. 61, 69 (2000) (prosecutor's argument that defendant had opportunity to hear other witnesses and tailor his testimony was proper because comments were directed at defendant's status as a witness whose credibility was subject to attack). Additionally, while a prosecutor may not misstate the evidence or to assume the existence of prejudicial facts not in evidence, *see Darden v. Wainwright*, 477 U.S. 168, 182 (1986); *United States v. Everett*, 270 F.3d 986, 993 (6th Cir. 2001), a prosecutor has leeway to argue reasonable inferences from the evidence. *See, e.g., Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).  The prosecutor's arguments were based upon the evidence and reasonable inferences drawn from that evidence.  Petitioner has failed to establish that the prosecutor's comments were improper.

Further, even if any of the prosecutor's comments could be seen as improper, they were not so flagrant as to deprive Petitioner of a fair trial.  The remarks, although deliberate, were isolated in nature and were made in response to defense arguments.  Also, the prosecution presented significant evidence to establish Petitioner's guilt, including the testimony of Cedric Smith, LaQuita Smith, and the police officers.  Lastly, any potential prejudice to Petitioner was alleviated by the trial court's instructions, which clearly stated that the attorneys' comments were not evidence, that Petitioner was innocent until proven guilty, and that the prosecution had the burden of proving Petitioner's guilt beyond a reasonable doubt.  *See Russ v. Stegall*, 2000 WL 791753, *4 (E.D. Mich. June 8, 2000) (Cohn, J.).  The disputed comments did not deprive Petitioner of a fundamentally fair trial.

**V.    Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal

8

habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 28, 2007.

s/Denise Goodine  
Case Manager